CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 0 2 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MONTY E. HAMLOR, | CASE NO. 7:12CV00397 |
| Petitioner, | |
| | MEMORANDUM OPINION |
| vs. | |
| HAROLD W. CLARKE, DIRECTOR, | By: James C. Turk |
| | Senior United States District Judge |
| Respondent. | |

Monty E. Hamlor, a Virginia inmate proceeding pro se, filed this action as a petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that Virginia parole statutes are void for vagueness, in violation of his right to due process, because they do not define the criteria an inmate must satisfy to be "found suitable" for parole under Va. Code Ann. § 53.1-136. Upon review of the record, the court finds that the action must be summarily dismissed because Hamlor's allegations fail to state any claim for relief under § 2254.[1]

I

Hamlor alleges the following facts relevant to his claim. Hamlor pleaded guilty in 1984 in the Norfolk Circuit Court to charges of burglary, malicious wounding, and related offenses, and sentenced to life in prison. Hamlor has been incarcerated in the Virginia Department of Corrections ("VDOC") on this sentence for more than 28 years. The Virginia Parole Board ("the Board") has reviewed Hamlor for possible discretionary parole release 16 times. The Board conducted Hamlor's most recent parole review on October 19, 2011, and on October 27, 2011,

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Hamlor received notice that the Board did not find him suitable for parole release. Hamlor has no prior felony convictions

Hamlor filed a state habeas corpus action in the Norfolk Circuit Court on June 30, 2011, No. L-11-5112, apparently raising the same claims that he raises in his federal petition. The circuit court dismissed Hamlor's on November 17, 2011. The Supreme Court of Virginia dismissed Hamlor's subsequent appeal on March 19, 2012, under Va. Sup. Ct. Rule 5:17(d), upon the Court's finding that Hamlor failed to provide timely payment as required to properly perfect his appeal. Pet. Ex. (ECF No. 1-2, p. 2.).

In his § 2254 petition, Hamlor states as his sole claim: "DUE PROCESS VIOLATION UNDER THE 5TH AND 14TH AMENDMENT[S]. See enclosed Petition Statement with Memorandum of Law." Pet. 6. The "STATEMENT OF PETITION" does not set forth a numbered list of claims that Hamlor seeks to pursue. Liberally construing Hamlor's allegations, however, his petition appears to allege the following grounds for relief:

1. Va. Code Ann. § 53.1-136(2) is void for vagueness because it does not define the term "found suitable" for parole, resulting in arbitrary and inconsistent decisions by the Board.[2]

2. The Board relies on its own "unlimited discretion," rather than developing and using "General Rules" in conducting hearings to determine if petitioner is "suitable" for parole.

3. Hamlor has been unable to obtain a copy of the "General Rules" defining the criteria on which the Board relies to determine suitability for parole.

Hamlor states that "[he] does not challenge the judg[m]ent of his current sentence [or] the decision of the parole board to deny him parole. [He] challenge[s] the procedures which have led to behavior that is not accordant with state and federal law." Pet. Stmt. 2 (ECF No. 1-1, p.

---

[2] As an example of inconsistent parole decisions, Hamlor refers to VDOC Inmate Larry Haynie, a second time offender, sentenced in the 1980s to three life sentences plus 44 years for multiple offenses, who was released on discretionary parole in March or April 2012, after serving only 24 years of his sentences.

2.). As relief, Hamlor seeks declaratory and injunctive relief directing that he receive "a rehearing done in accordance with applicable statutory law." Pet. 15. Hamlor also moves for certification of questions of law to the Supreme Court of Virginia, regarding the state's parole statutes and procedures. (ECF No. 2.)

## II

This federal district court "shall entertain an application for a writ of habeas corpus [under 28 U.S.C. § 2254] in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a) (emphasis added). The "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Custody challenges include, among others, claims that the statute of conviction is unconstitutional, that petitioner was deprived of constitutional protections at trial, that petitioner's parole was unlawfully revoked, or that petitioner was illegally deprived of earned good conduct credit, which resulted in a longer term of confinement. Id. at 485-86. Any claim concerning the fact or length of petitioner's present or future confinement falls exclusively in the habeas arena. Id. at 487. Challenges to parole proceedings, on the other hand, which seek implementation of new parole procedures, but which would not necessarily result in the petitioner's speedier release from confinement, do not "lie[ ] at 'the core of habeas corpus.'" Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (quoting Preiser, 411 U.S. at 489). See also Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011) ("Habeas is the exclusive remedy . . . for the prisoner who seeks 'immediate or speedier release' from confinement.") (quoting Wilkinson, 544 U.S. at 82).

3

Hamlor's claims do not assert that the fact or the scheduled duration of his confinement is unlawful in any respect. Rather, Hamlor's claims concern the procedures the Board utilizes in conducting parole eligibility proceedings and seek changes to those procedures or to the manner in which the Board applies existing procedures. The procedural findings or adjustments Hamlor desires will not necessarily result in his "speedier release from confinement" or demonstrate any constitutional infirmity in his criminal conviction or sentence. Because Hamlor's claims do not challenge the legality of his custody under a state court judgment as required to authorize relief under § 2254, the court summarily dismisses his § 2254 petition without prejudice.[3] An appropriate order will enter this day. Upon the dismissal of the underlying petition, Hamlor's motion to certify questions of state law to the Supreme Court of Virginia is moot and must be dismissed as well.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 2nd day of November, 2012.

Senior United States District Judge

---

[3] Hamlor's claims may instead be cognizable in a civil rights action under 42 U.S.C. § 1983, seeking injunctive and/or declaratory relief. See Wilkinson, 544 U.S. at 82. To bring a lawsuit under § 1983, however, Hamlor must allege the personal involvement of the defendant or defendants and must agree to pay the $350.00 statutory filing fee for bringing a civil action in federal court. See 28 U.S.C. § 1914(a). In this action, Hamlor has paid only the $5.00 filing fee for a federal habeas action, id., and has named as the only respondent the director of the VDOC, who has no personal involvement in parole decisions. Therefore, the court declines to construe Hamlor's current submission as a § 1983 complaint.

4